IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-01118-LTB-KMT

FIRSTIER BANK,

        Plaintiff,
v.

CONTRACT MANUFACTURING, INC., a Colorado corporation;
WACHOVIA BANK, N.A.;
INTERNAL REVENUE SERVICE;
JEANIE YORK;
FRED INGHAM;
THE BEATRICE JEAN INGHAM TRUST;
JON YORK; and
ESTATE OF MARC C. YORK,

        Defendants.
_____

# ORDER
_____

This case is before me on Plaintiff FirsTier Bank's ("FirsTier") Second Motion to Transfer Funds, for an Award of Fees and Costs and to Dismiss FirsTier [Doc # 11]. By this motion, FirsTier seeks to effectuate an order dated April 28, 2008 that was entered by the Adams County District Court prior to the removal of this interpleader action. In this order, FirsTier was granted leave to deposit the sum of $431,409.98 and any further proceeds received on Defendant Contract Manufacturing, Inc.'s ("Contract Manufacturing") accounts receivable into the state court registry and to file an affidavit of attorney fees and costs to be paid from the deposited proceeds. The Order further provided that FirsTier would be dismissed from the action upon its deposit of the funds and the payment of its fees and expenses.

Defendant Wachovia Bank, N.A. has filed a disclaimer to any interest in the deposited funds. Defendants Fred Ingham and The Beatrice Jean Ingham Trust have filed a response indicating that they have no objection to the motion, and the United States has filed a response opposing the motion. Defendants Contract Manufacturing, Jeanie York, Jon York, and the Estate of Marc C. York have not responded to the motion though Jon York has filed an answer to FirsTier's complaint. Although the motion states that counsel for FirsTier conferred with opposing counsel prior to filing the motion, it does not specifically identify who FirsTier conferred with or what their position was regarding the motion. It is also unclear if service has been obtained on all of these parties.

The United States' opposition to the motion is predicated on its assertion that its interest in the interpleaded funds as a result of federal tax liens takes priority over FirsTier's claim for attorney fees and costs. The United States further asserts that it is uncertain at this point if the interpleaded funds are sufficient to satisfy the tax liens.

FirsTier does not dispute the priority of the federal tax liens. FirsTier argues, however, that the $431,409.98 that has been paid into the Registry of the Adams County District Court far exceeds the amount claimed by the United States, which FirsTier represents was $130,543.91 as of May 19, 2008, plus interest accrued thereafter, and that FirsTier's attorney fees and costs may be paid out of the deposited funds notwithstanding the fact that the priorities of the various liens have not been determined and the federal tax liens have not been satisfied.

Both the United States and FirsTier correctly state the basic legal principles that govern disposition of FirsTier's motion. First and foremost, it is well established that though an interpleader is generally entitled to recover attorney fees and costs, these expenses will not be

awarded when such an award would invade a paramount federal tax lien. *See e.g. United States v. Chapman,* 281 F.2d 862, 871 (10th Cir. 1960). It has also been recognized that where the amount of deposited funds exceeds the United States' tax claim "fees <u>out</u> <u>of</u> <u>the</u> <u>residue</u> may be awarded the stakeholder upon his discharge, even though there has been no adjudication of the respective priority of the other claimants, since there will still be a portion of the funds which is due a party other than the government and is therefore subject to invasion for the benefit of the disinterested stakeholder." *Pilots Ass'n for Bay and River Delaware v. United States,* 1987 WL 18692 at *3 (D. Del.) (*quoting* 3A Moore's Federal Practice § 22.16[2] at 22-169).

The problem in applying these principles in this case is that the parties apparently dispute whether the deposited funds are sufficient to satisfy the federal tax liens. With no evidence before me regarding the federal tax liens other than FirsTier's undocumented assertion regarding the amount of these lien, it would be premature for me to award FirsTier its attorney fees and costs. It would also be premature for me to award attorney fees and costs to FirsTier without at least some information regarding the nature of the other Defendants' interests in the deposited funds and the status of these parties with respect to this case. It is appropriate, however, to grant FirsTier's request to transfer the deposited funds from the Adams County District Court to the Registry of this Court.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff FirsTier Bank's Second Motion to Transfer Funds, for an Award of Fees and Costs and to Dismiss FirsTier is GRANTED IN PART and DENIED IN PART;

2. The $431,409.98 in interpleaded funds currently deposited in the Registry of the Adams County District Court, plus any interest accrued thereon, shall be released and made

payable to the Clerk of the United States District Court for the District of Colorado and deposited in an interest bearing account in the Registry of this Court;

    3. Plaintiff's motion is DENIED in all other respects WITHOUT PREJUDICE.


Dated: August   1  , 2008, in Denver, Colorado.

                                            BY THE COURT:

                                             s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, JUDGE